UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHARLES GARCIA,<br>    Plaintiff, | §<br>§<br>§ | |
| v. | §<br>§ | CIVIL ACTION NO. 3:07-cv-00444 |
| ARAMARK CORRECTIONAL<br>SERVICES, INC., d/b/a ARAMARK<br>CORRECTIONAL SERVICES, L.L.C.,<br>    Defendant. | §<br>§<br>§<br>§<br>§ | |

## MEMORANDUM AND ORDER

Before the Court are two motions. The first is Defendant's Motion for Summary Judgment (Doc. No. 5), which requests the entry of judgment as to Plaintiff's state law claim for age discrimination. The second is Plaintiff's Motion for Reconsideration, advanced orally at a hearing on April 8, 2008, which asks the Court to reconsider a previous Order (Doc. No. 14) denying his Motion for Leave to Amend the complaint (Doc. No. 7). After considering the Motions, the responses and replies thereto, and all applicable law, the Court finds that the relief sought by both parties should be granted.

I.  DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

   A.  Background

This lawsuit is an employment action for age discrimination arising out of Defendant's decision to terminate Plaintiff's employment.[1] After the termination, Plaintiff filed a charge of age discrimination with the Texas Workforce Commission Civil Rights

---

[1] Plaintiff originally filed this case in state court, but Defendant removed it to federal court on August 30, 2007, on the basis of diversity jurisdiction, 28 U.S.C. § 1332.

Division ("TWCCRD"), which subsequently issued a right to sue letter on May 11, 2007. (Pl.'s Resp., Doc. No. 11, at 3.)

According to Plaintiff, the papers necessary to initiate this lawsuit were express mailed to the Texas court system on July 6, 2007. The state courts deemed the lawsuit filed three days later, on July 9, 2007, and three days after that, on July 12, 2007, the state courts issued the citation that was to be served on Defendant. (Pl.'s Resp., Doc. No. 11, at 3.) It was not until July 30, 2007, however, that Plaintiff forwarded the citation to a process server. (Pl.'s Resp., Doc. No. 11, at 4.) Consequently, service was not effected until August 1, 2007 (Pl.'s Resp., Doc. No. 11, at 4), eighty-two days after the TWCCRD issued the right to sue letter.

Defendant's Motion for Summary Judgment requests the entry of judgment on Plaintiff's state law age discrimination claims, arguing that those claims are untimely because Plaintiff failed to effect service within sixty days of the receiving the right to sue letter. (Def.'s Mot. Summ. J., Doc. No. 5, at 1.)

### B. Legal Standards

A motion for summary judgment under Federal Rules of Civil Procedure 56 requires the Court to determine whether the moving party is entitled to judgment as a matter of law based on the evidence thus far presented. *See* Fed. R. Civ. P. 56(c). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (internal quotation marks omitted). A genuine issue of material fact exists "if the evidence is such that a reasonable

jury could enter a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). This Court must view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Id.* at 255.

Section 21.252(d) of the Texas Labor Code states, "Within 60 days after the date a notice of the right to file a civil action is received, the complainant may bring a civil action against the respondent." Texas courts interpreting this provision have consistently held that the sixty-day requirement requires not just the filing of a lawsuit, but service of process as well. *See, e.g., Windle v. Mary Kay, Inc.*, No. 05-02-00252-CV, 2003 WL 21508782, at *2 (Tex. App.—Dallas July 1, 2003, pet. denied) (mem. op.); *Roberts v. Padre Island Brewing Co., Inc.*, 28 S.W.3d 618, 620-21 (Tex. App..-Corpus Christi 2000, pet. denied). Those courts have determined, however, that an exception to this "file and serve" requirement exists where a plaintiff who files suit within the sixty-day limitations period, but fails to serve within that time, shows that he exercised due diligence in attempting to meet the sixty-day service deadline. *See, e.g., Windle*, 2003 WL 21508782 at *2; *Tarrant County v. Vandigriff*, 71 S.W.3d 921, 924 (Tex. App.—Fort Worth 2002, pet. denied). In this context, due diligence is defined as the diligence an ordinary prudent person would have used under the same or similar circumstances. *See, e.g., Windle*, 2003 WL 21508782 at *2; *Tarrant County*, 71 S.W.3d at 925. Once a defendant asserts the affirmative defense of limitations, the burden shifts to the plaintiff to demonstrate that he used due diligence in effecting service. *See, e.g., Windle*, 2003 WL 21508782 at *2; *Tarrant County*, 71 S.W.3d at 925. If the plaintiff offers no excuse for his failure to serve process within sixty days, or if the plaintiff's actions conclusively negate diligence, then a

court may conclude the lack of diligence as a matter of law. *See, e.g., Windle,* 2003 WL 21508782 at *2; *Tarrant County,* 71 S.W.3d at 925.

### C. Analysis

It is undisputed that Plaintiff filed suit, but failed to effect service, within sixty days of receiving his right to sue letter from the TWCCRD. As noted above, Texas law directs that the failure to serve within sixty days defeats the claim unless the plaintiff shows due diligence in attempting to effect timely service. In this case, however, none of Plaintiff's arguments attempting to make such a showing is persuasive. For instance, he asserts that he exercised due diligence purely by virtue of the fact that he effected service within 20 days of receiving the citation. On the contrary, an ordinarily prudent person in the same circumstances as Plaintiff would not have waited even that long. Faced with a right to sue letter that stated, "Please be advised that you have sixty (60) days from the receipt of this notice to file this civil action" (Def.'s Mot. Summ. J., Doc. No. 5, Ex. A.), a statute saying the same, and multiple prior court decisions dismissing claims for failure to serve within sixty days, the ordinarily prudent person would, unquestionably, do everything possible to comply with that sixty-day limit. In addition to filing the lawsuit earlier in the sixty-day period to provide time for service of process, this would include requesting expedited issuance of citation papers, and, at a bare minimum, forwarding the citation papers to a process server immediately upon their receipt. In contrast, Plaintiff offers no argument, much less evidence, that he made any attempt to arrange for expedited issuance of the necessary papers, and he waited more than two weeks to forward the citation papers to a process server. Nor has Plaintiff offered any other argument to excuse his delay in any

brief or hearing to date.[2] The Court therefore finds that Plaintiff did not act with due diligence when he failed to comply with the sixty-day limit.

Plaintiff's statutory construction arguments as to why the Court should refrain from entering judgment for Defendant are similarly unavailing. He argues that the word "may" in § 21.254 is permissive, not mandatory. That section reads, in its entirety, "Within 60 days after the date a notice of the right to file a civil action is received, the complainant may bring a civil action against the respondent." Clearly, the "may" in this sentence is intended to reflect that some complainants, but not all, will bring a civil action after receiving a right to sue letter; to suggest that this sentence should instead be read to impose an entirely optional filing requirement is a stretch indeed. *See Schroeder v. Texas Iron Works, Inc.*, 813 S.W.2d 483, 486-87 (Tex. 1991) ("After receipt of this [right to sue] notice, the complainant has 60 days in which to bring a civil action against the respondent. . . . [T]he use of the word 'may' indicates only that a person who believes a violation . . . has occurred may, but is not obligated to, seek redress for such violation.") Plaintiff further argues that the Texas Legislature intended the sixty-day requirement to be no more than a notice provision, and therefore the statute should not be read to cut off his claim. This argument, however, contradicts the holdings of *Windle* and the other state and federal cases that have treated the sixty-day requirement as much more than a simple notice requirement. *See, e.g., Lottinger v. Shell Oil Co.*, 143 F.Supp.2d 743, 753 (S.D. Tex. 2001) (collecting cases). He argues that the sixty-day requirement is inconsistent with the

---

[2] The Court notes that Plaintiff's Response suggests that the state courts are responsible for the delay in effecting service, but he admits that this suggestion is based only on an inference for which he has offered no evidence. (*See* Pl.'s Resp., Doc. No. 11, at 7 n.1.)

two-year statute of limitations in § 21.256.[3]  On the contrary, the interaction between § 21.254 and § 21.256 is not inconsistent: those complainants who file a complaint with the TWCCRD and receive a right to sue letter have sixty days to file and serve; those who do not (e.g., due to lack of diligence on the part of the TWCCRD) must nonetheless file their claim within two years of the date they file their administrative complaint.  The cases finding that individuals who do not receive such a notice from the TWCCRD may nonetheless proceed with their lawsuit within the limitations established by § 21.256, so heavily relied upon by Plaintiff, confirm this understanding of the Texas statutory scheme.

Finally, Plaintiff argues that various state and federal constitutional violations will result if the sixty-day requirement is enforced.  (Pl.'s Resp., Doc. No. 11, at 12-13.)  Federal courts, however, have consistently enforced identical time restrictions with respect to Title VII claims.  Moreover, Plaintiff offers no meaningful support for his arguments: his equal protection claims are based entirely on the misconstruction of the Texas Labor Code rejected above; his due process claims are based solely on a case, *Paul v. Davis*, 424 U.S. 693 (1976), analyzing procedural due process rights against state actors, and saying nothing whatsoever about whether a plaintiff can have a property interest in a lawsuit.  Plaintiff therefore asserts no colorable constitutional claim, nor is the Court aware of one.

At bottom, the matters addressed by Defendant's Motion for Summary Judgment are straightforward.  Plaintiff was required to sue and serve within 60-days of the notice, but he did not.  His failure to do would be excused if he were to show that he exercised due diligence, but he has not.  Therefore, Defendant's Motion must be granted.

---

[3] Section 21.256 reads, "A civil action may not be brought under this subchapter later than the second anniversary of the date the complaint relating to the action is filed." Tex. Lab. Code. § 21.256.

II.    PLAINTIFF'S MOTION TO RECONSIDER

A.    Background

Shortly after Defendant filed its Motion for Summary Judgment complaining of Plaintiff's untimely service, Plaintiff filed its Motion for Leave to Amend (Doc. No. 7) requesting leave to add a federal age discrimination claim under the Age Discrimination in Employment Act, 29 U.S.C. §§ 621-34. Defendant opposed the Motion for a number of reasons, among them the fact that Plaintiff had expressly disavowed any federal claims in his state court complaint. After receiving briefs from both parties, the Honorable Lynn Hughes, on behalf of the then-presiding judge, the Honorable Samuel Kent, denied Plaintiff's Motion. Judge Hughes's Order did not state the reasons for the decision, but instead read, in its entirety, "The plaintiff's motion for leave to amend his complaint is denied. (7)." (Order to Deny, Doc. No. 14.) Judge Kent subsequently recused himself from the case. (Recusal Order, Doc. No. 15.) At the first hearing before the undersigned judge, the subject of which was Defendant's Motion for Summary Judgment, Plaintiff orally moved for reconsideration of Judge Hughes's decision to deny Plaintiff's Motion for Leave, and the Court invited supplemental briefs on the matter from both parties.

B.    Legal Standards

Rule 60(b) of the Federal Rules of Civil Procedure allows a party to move for relief from a prior order. The Court may grant such a motion for purposes of, among other things, correcting mistakes or "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1),(6). The motion for relief from a prior order must be brought "within a reasonable time" and, in cases of mistake, not more than one year after the order. Fed. R. Civ. P. 60(c)(1). Additionally, the doctrine of law of the case and principles of judicial comity

notwithstanding, the Court has broad discretion to reconsider an order issued by a predecessor judge. It is true that, "when a district judge has rendered a decision in a case, and the case is later transferred to another judge, the successor should not ordinarily overrule the earlier decision." *Loumar, Inc. v. Smith*, 698 F.2d 759, 762 (5th Cir. 1983) (*citing* 18 C. WRIGHT, A. MILLER & E. COOPER, FEDERAL PRACTICE & PROCEDURE § 4478 (1981)). However, neither the law of the case doctrine nor the principle of judicial comity "is . . . a barrier to the correction of judicial error," *Loumar, Inc.*, 698 F.2d at 762; *see also Gallimore v. Missouri Pac. R. Co.*, 635 F.2d 1165, 1172 (5th Cir. 1981) (noting that judicial comity "should give way, if the need should arise, to the interests of justice and economy when those interests would be flouted by rigid adherence to the rule"), and the Court retains discretionary authority to reconsider a predecessor judge's decision, *see Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800, 815-18 (1988) ("A court has the power to revisit prior decisions of its own or of a coordinate court in any circumstance, although as a rule courts should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was clearly erroneous and would work a manifest injustice." (citation omitted)); *Loumar*, 698 F.2d at 762 (noting a successor judge's "bountiful discretion" in reviewing a predecessor judge's work, but cautioning "A judge should hesitate to undo his own work. Still more should he hesitate to undo the work of another judge. But until final judgment or decree there is no lack of power, and occasionally the power may properly be exercised." (*citing Peterson v. Hopson*, 29 N.E.2d 140, 144 (Mass. 1940)); *Abshire v. Seacoast Products, Inc.*, 668 F.2d 832, 837-38 (5th Cir. 1982) ("The successor judge has the same discretion as the first judge to reconsider the order.").

As a general rule, leave to amend shall be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2); *United States ex rel. Marcy v. Rowan Companies*, 520 F.3d 384, 392 (5th Cir. 2008). Occasionally, as here, leave to amend will be brought long enough after the case was filed that the amendment will no longer be timely unless it "relates back" to the date of the original filing. Rule 15(c) of the Federal Rules of Civil Procedure governs when an amended pleading relates back. Among the circumstances where Rule 15(c) allows such relation back are when "the amendment asserts a claim . . . that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). "The rationale of the rule is that, once litigation involving a particular transaction has been instituted, the parties should not be protected by the statute of limitations from later asserted claims that arose out of the same conduct set forth in the original pleadings." *Flores v. Cameron County, Tex.*, 92 F.3d 258, 272-73 (5th Cir. 1996) (*quotation omitted*). "If a plaintiff seeks to correct a technical difficulty, state a new legal theory of relief, or amplify the facts alleged in a prior complaint, then relation back is allowed." *Id.* at 273 (quotation omitted). "Notice is the critical element involved in Rule 15(c) determinations." *Id.* (quotation omitted).

**C.    Analysis**

In the present instance, the Court has no difficulty determining that reconsideration of Judge Hughes's prior order denying leave to amend is appropriate. As noted above, when a plaintiff seeks to amend a complaint to state a new legal theory of relief, leave to amend shall be freely granted. To overcome this thumb on the scale in favor of granting leave to amend, the Court would expect that the reasons to deny leave would be stated in the deciding order. In contrast, Judge Hughes's Order to Deny was entirely summary,

offering no basis at all as to why leave was not freely granted. The Court is reluctant, of course, to revisit a prior decision in any case, all the more so when that decision was made by a predecessor judge. This prior order, however, offers no reason at all for its decision, making it impossible for the Court to determine whether or not the decision was a manifest error of law as contemplated by Rule 60(b)(1). Moreover, in light of the Court's ruling today that Plaintiff's state law age discrimination claims must fail because they were not timely served, the question of whether Plaintiff should be granted leave to amend his complaint to add a federal claim carries special significance. The Court therefore finds adequate other reasons that justify relief, as contemplated by Rule 60(b)(6), to revisit Plaintiff's Motion for Leave to Amend.

The Court also has no difficulty finding that Plaintiff's Motion for Leave to Amend should be granted, and that the amendment relates back to the filing of the original complaint. The sole purpose of the amended complaint is to add a federal claim for age discrimination under the ADEA using the exact same facts as were used to support the untimely Texas state age discrimination claim. Stating a new legal theory for relief is one type of amendment for which leave is freely granted and which qualifies for relation back. *Flores*, 92 F.3d at 273. Moreover, the Court is aware of no prejudice that will result to Defendant from the amendment, nor has Defendant identified any. Defendant was clearly on notice of both Plaintiff's claims of age discrimination and of the facts upon which those claims were based when the state court complaint was filed; therefore, the effective conversion of Plaintiff's state law claim to an analogous federal law claim after removal should not affect the nature of the defense. It is true that Plaintiff originally disavowed his federal causes of action in his state court complaint, presumably in an attempt to avoid

possible removal. It is not uncommon, however, for once-disavowed claims to be resurrected by amendment. *See, e.g., Watkins v. Lujan*, 922 F.2d 621 (5th Cir. 1991); *Sessions v. Rusk State Hospital*, 648 F.2d 1066, 1070 (5th Cir. 1981); *Caldwell v. Martin Marietta Corp.*, 632 F.2d 1184 (5th Cir. 1980). In the Court's view, this is an especially appropriate case to allow such resurrection, where Plaintiff would otherwise be entirely denied the opportunity to litigate his claims solely because of his attorney's lack of diligence, as described above.

### III.  CONCLUSION

For the reasons offered above, Defendant's Motion for Summary Judgment (Doc. No. 5) is **GRANTED** as to Plaintiff's state law claims, and Plaintiff's Motion for Reconsideration of his Motion for Leave to Amend (Doc. No. 7) is also **GRANTED**. It is **ORDERED** that Plaintiff shall file an amended complaint consistent with this Order not later than fourteen days from today's date.

**IT IS SO ORDERED**.

SIGNED this 28th day of April, 2008.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

TO ENSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT